**GOLD SEAL CO. v. MARZALL, Commissioner of Patents.**

**Civ. No. 4150–49.**

United States District Court
District of Columbia.

Oct. 8, 1951.

186

trade-mark in question is "Gold Seal", and is used in connection with the manufacture and distribution of a liquid used for polishing glass of various kinds, especially large bodies of glass, such as windows.

Registration was denied on the basis of an opposition filed by Lever Brothers, Inc., the manufacturer of a washing powder which is sold under the trade-mark "Gold Dust."

The applicable statute is United States Code Annotated, Title 15, Section 85, now 15 U.S.C.A. § 1052,[1] which contains a proviso that—" * * * trade-marks which are identical with a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

The Commissioner of Patents held that the trade-mark "Gold Seal", used in connection with the plaintiff's product is likely to cause confusion as against the trade-mark "Gold Dust", used in connection with a washing powder, and accordingly denied the registration.

The action of the Patent Office is entitled to great weight, and, if the evidence is evenly balanced, the decision of the Patent Office should be sustained. Nevertheless, this Court is clothed with the duty of reviewing this determination, and if the Court is convinced that the action of the Patent Office is erroneous, it must not hesitate to set it aside. This is particularly true in a case such as this, which does not involve a technical or scientific matter, but one about which a layman is competent to express an opinion and to judge. Moreover, there is evidence before the Court which was not available to the Patent Office.

Maurice M. Moore, Edward B. Beale, Washington, D. C., and Ralph L. Dugger, Minneapolis, Minn., for the plaintiff.

Clarence W. Moore, of Washington, D. C., for the defendant.

HOLTZOFF, District Judge.

This is an action under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, against the Commissioner of Patents to require him to register a trade-mark. The

1. U.S.C.A., Title 15, Sec. 85, is part of The Trade-Mark Act of 1905, which was repealed by the Act of July 5, 1946. The proceedings in this case, however, were instituted while the Act of 1905 was still in effect and accordingly this case is decided under that Act.

In the first place, the two trade-marks, although both contain the word "gold", are not alike or similar in the manner in which they are designed and printed. It is true that the two products are in the same general field, namely, they are products used for cleaning and polishing purposes. Nevertheless, plaintiff's product is a liquid; the opposition's product is a powder. The plaintiff's product is used primarily for polishing large bodies of glass; the opposition's product is used primarily for washing dishes and similar articles. The uncontradicted evidence is to the effect that the two products are not competitive, because, although they are both in the same general field, their uses are far from identical.

The question to be determined is whether the use of the two trade-marks is likely to cause confusion. In one sense that is a matter of opinion. So far as evidence is concerned, the best proof of the fact that confusion is not likely to be caused is that no confusion has resulted in numerous transactions in the past. On this issue the plaintiff offered two types of evidence.

First, it called former officers of Lever Brothers, who testified that in their experience there never had been an instance of confusion in the two trade-marks. The other witnesses were shoppers who shopped in numerous stores in numerous cities in different parts of the country, asking in each instance for Gold Dust. Although most of the stores in which they shopped carried both products, in no instance was Gold Seal Glass Wax tendered in response to a request for Gold Dust washing powder.

The defendant has not offered any testimony in opposition. Lever Brothers has not sought to intervene or even to appear as *amicus curiae*. Surely, if there were instances of confusion, of which Lever Brothers had knowledge, they would either have furnished that information to the defendant for use at this trial, or else would themselves have sought leave to intervene. Apparently they have done neither.

While a case such as this must be decided on the facts and the law, and not upon the equities, nevertheless, it may not be amiss to observe that the equities are strongly with the plaintiff. Plaintiff started his business less than ten years ago, in the basement of his home. In the spirit of free enterprise he built up a substantial business. He is of the type that are generally called, in popular parlance, small business men. The objecting party, Lever Brothers, Inc., is one of the large industrial corporations that sells large quantities of numerous products. Their own former officers have testified that the business of Lever Brothers has not been damaged or interfered with by the plaintiff's product.

 The Court finds as a fact that the trade-mark "Gold Seal" and the trade-mark "Gold Dust", used on their respective products, do not so nearly resemble each other as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers. Accordingly, the Court will render judgment for the plaintiff. Counsel will submit proposed findings and conclusions of law, and judgment.